Hunt *v.* West Jersey Traction Co.

---

## SAMUEL P. HUNT et al.

*v.*

## THE WEST JERSEY TRACTION COMPANY et al.

[Filed May 24th, 1901.]

1. By joining issue on a plea, a complainant admits the sufficiency of the facts stated as a defence, if they are proven to be true.

2. If their truth be established by the evidence, the complainant's bill must be dismissed as to the defendant who files the plea, even if the matters stated in the plea do not constitute a valid defence to the suit.

3. If the defendant fails to prove the truth of the facts pleaded, the plea will be overruled as false, and the complainant will be entitled to a decree according to his case as stated in the bill.

4. A trolley company, if it desires to locate its railway upon a turnpike road, is not, under the act of March 14th, 1893 (*Gen. Stat. p. 3241 § 135*), compelled to acquire that privilege by lease. It may acquire a mere use of part of a roadway by consent of the turnpike company under section 130 of that act. *Gen. Stat. p. 3238.*

On bill and plea and issue joined thereon.

The bill is filed by a minority of stockholders of the Haddonfield and Camden Turnpike Company, as complainants, against that company and the West Jersey Traction Company and the Camden and Suburban Railway Company, as defendants.

The bill alleges the incorporation of the turnpike company, its location and construction of its turnpike, the incorporation of the other defendant companies under the act entitled "An act to authorize the formation of traction companies for the construction and operation of street railways, and to regulate the same," approved March 14th, 1893. It alleges that, in October, 1894, the West Jersey Traction Company commenced to lay a railway track, changed its gauge and set trolley poles on the turnpike roadway, and thereby kept the turnpike in an untollable condition until May, 1898; that the Camden and Suburban Railway Company has been operating a trolley road at various times over portions of the turnpike road and supplying power therefor to the West Jersey Traction Company; that the West Jersey Traction Company was licensed by the municipal bodies through which its trolley railway was laid; that its licenses were not transferable, and that the operation of the trolleys of the West Jersey Traction Company by the Camden and Suburban Railway Company is without authority of law and without the necessary consent of the several governing bodies of the said municipalities, and is in violation of the rights of complainants, because, as complainants express it,

"a use of the property and rights of your orator and of the said turnpike company, for a purpose contrary to the purpose for which said turnpike company was incorporated and organized, and to the destruction of the property and rights of your orator without compensation."

Hunt v. West Jersey Traction Co.

The bill further elaborately alleges injury to the interests of the turnpike company and its stockholders, by the manner in which the trolley tracks have been located in the roadway of the turnpike company and by the mode of their construction and operation, and charges that the Camden and Suburban Railway Company is using the property of the turnpike company for a competing business, without permission of, or compensation to, the complainants or to the turnpike company, whereby irreparable damage has ensued.

The bill further charges that the West Jersey Traction Company has, without authority of law, purchased and had transferred to itself a majority of the shares of the capital stock of the turnpike company, and has elected a majority of the board of directors of the turnpike company; that the board of directors has not leased the roadway, turnpike road and other property of the turnpike company to the said traction company or said railway company, or in any lawful manner permitted the said traction company and said Camden and Suburban Railway Company to use the property of the said turnpike company, without tolls or other compensation as aforesaid; that the turnpike company is bonded for $40,000, and has issued eight hundred shares of capital stock, of which complainants hold thirty-three shares, and that the conduct complained of has involved the turnpike company in litigation and expense, and is endangering its franchises, by using its roadway for purposes different from those authorized, and making the turnpike company liable to insolvency proceedings.

The complainants pray that the turnpike company may be decreed to sue the traction and railway companies for damages; that the latter may be decreed to account to the turnpike company for their use of its roadway, and to pay tolls therefor; that the complainants may, by decree, be allowed to use the name of the turnpike company to sue at law for the tolls, &c.; that the traction company and railway company may be enjoined from further using the turnpike roadway, and decreed to restore the same to a tollable condition; that the turnpike stock held by the traction company may be decreed to be canceled, and for further relief.

Hunt v. West Jersey Traction Co.

The defendant the Haddonfield and Camden Turnpike Company has filed its plea to the whole bill, alleging that under the act of March 14th, 1893 (*Gen. Stat. p. 3235*), that the defendant company did, on February 19th, 1894, consent and agree that the defendant the West Jersey Traction Company, its successors and assigns, should, at any time thereafter, have the use of its roadway for the purpose of constructing, maintaining and operating its line of railway, &c., as then or thereafter located, not more than two lines of tracks, and poles and other appliances for the operation of trolley or horse cars; that such consent was ordered by the directors at their meeting on October 3d, 1893, and was reported executed and delivered at their meeting of March 10th, 1894; that the stock held by the complainant Alfred W. Clement was transferred to him January 30th, 1900, and that held by complainant Samuel P. Hunt was transferred to him May 6th, 1900; that since the said consent there have been numerous annual stockholders' meetings of the turnpike company; that at none of these meetings has any objection ever been made by the persons holding the stock now held by the complainant, or by the complainants, or by any of them, although the said action of the directors fully appeared on the minutes of the company, and it pleads the laches of the complainants and those under whom they claim title to their stock in bar of their right to file their bill of complaint for the injuries alleged.

The complainants have replied to the plea by joining issue upon it, and the cause has been brought to a hearing upon this issue alone.

*Mr. Herbert A. Drake,* for the complainants.

*Mr. Charles R. Stevenson* and *Mr. Thomas E. French,* for the Haddonfield and Camden Turnpike Company, defendant.

GREY, V. C.

It appears to be a settled rule in equity pleading that when a complainant replies to a plea, taking issue on it, the determination of that issue is a final disposition of the suit as between the party filing the plea and the complainant who joins issue thereon.

*Flagg* v. *Bonnel, 2 Stock. 84,* citing cases. The court does not inquire into the materiality of the facts set up in the plea. If their truth be established by the proofs, the complainant's bill must be dismissed as to the defendant who files the plea, although the matters stated in the plea contain, in fact, no valid defence to the suit. If the defendant fails to prove the truth of the plea at the hearing, the plea will be overruled as false, and the complainant will be entitled to a decree according to his case as stated in the bill. *Ib. 85; Miller* v. *United States Casualty Co., 16 Dick. Ch. Rep. 101.*

The inquiry in this case has, by the pleadings of the parties themselves, been limited, so far as the complainants' right to relief against the defendant the Haddonfield and Camden Turnpike Company is concerned, to the ascertainment whether all the allegations of fact set forth in the plea have been shown by the evidence to be true.

The testimony submitted was wholly on the part of the turnpike company, the complainants offering nothing in contradiction. The question is, therefore, again limited to the inquiry whether the testimony submitted by the turnpike company sufficiently shows that the facts alleged in the plea upon which issue has been joined are true.

The complainants, by joining issue on the plea, have themselves chosen to test their right to relief against the defendant turnpike company by the truth or falsity of the facts set up in the plea. The secretary of the defendant the Haddonfield and Camden Turnpike Company was called as a witness, and produced the minute-book of that company. Upon these minutes it appears that at an adjourned stated meeting of the board of directors of the company, held October 3d, 1893, the turnpike company gave its consent for the use of its turnpike road to the West Jersey Traction Company and its assigns, and the president and secretary of the turnpike company were authorized to execute, under the seal of that company, an agreement to that effect, which is set forth at length in the minutes of that company produced in evidence. The minutes also show that the president of the turnpike company reported to a stated meeting of its board, held March 10th, 1894, that the contract of con-

sent had been executed and delivered in accordance with the direction given at the meeting of October 3d, 1893.

The contract itself was produced in evidence. It is dated February 19th, 1894, and by it the turnpike company agreed that the traction company, its successors and assigns,

"shall at any time hereafter have the use of the said road or highway, for the purposes of constructing, maintaining and operating its line of railway, with proper turnouts and switches, as now located, or as may be hereafter located, of not more than two lines of track, and of erecting, maintaining and using poles, wires and other devices and appliances for the transmission or application of motive power for the operation of trolley or horse cars."

The testimony of the secretary of the company also shows that the stock of the complainants Clement and Hunt was transferred to them at the dates narrated in the plea, and that since the making of the consent there have been a number of stockholders' meetings of the turnpike company, and that neither the complainants nor those under whose transfer they hold their stock, at any subsequent stockholders' meeting of the turnpike company, have ever objected to the action of the board of directors in consenting to the use of the turnpike road, as stated in the plea.

This recital of the evidence shows that all of the matters set up as a defence in the plea have been shown, by the testimony, to be true.

The complainants insist that the plea fails as a defence upon two grounds—*first,* that the act of March 14th, 1893, did not authorize the agreement of consent set forth in the plea, because section 135 of that act (*Gen. Stat. p. 3241*) provides that the trolley corporations shall acquire the property of a turnpike company by lease, and the consent agreement is not a lease; *secondly,* because there is no proof that the West Jersey Traction Company, to whom and its assigns the consent was given, has ever assigned the privileges granted to the Camden and Suburban Railway Company, who, the complainants allege, are now in possession.

As to the first ground, the plea upon which the complainants have seen fit to join issue, did not allege any lease, but did aver that there was a consent. If the complainants were of opinion that a consent was an insufficient defence, they should have

sought to have the plea overruled. Having joined issue on it, the only question to be determined is its truth. See cases above cited. If, however, it be admitted that the sufficiency of the facts pleaded may be examined as a matter of law, it will be found that section 135 does not prescribe that a trolley company desiring to use the property of a turnpike company must acquire it by lease. The words of section 135 of the act are

"that any corporation created under this act may lease the property and franchises of any other corporation owning or operating any  *  *  * turnpike or plank road," &c.

This section authorizes a leasing, but does not require it. If there be a leasing, the trolley company may exercise the franchises of the turnpike company, and it would then be charged with the performance of the corresponding corporate duties of the lessor turnpike company. This section contemplates a complete transfer of the franchises and property of the turnpike company to the trolley company—a condition of things not alleged in the plea nor appearing by the proofs to have happened. The complainants appear to have overlooked the express provision of section 130 (*Gen. Stat. p. 3238*) of the Trolley act, which gives full power to a trolley company to use, for the purpose of its railway,

"so much of the area of any highway along which any turnpike or plank road shall be built and in use, as shall be necessary for such purposes; provided, that the consent of the corporation owning such turnpike or plank road  *  *  *  shall have first been obtained."

It was under this section (130) that the consent of the Haddonfield and Camden Turnpike Company for use of part of its turnpike road was given, as set forth in the plea.

As to the second ground of objection to the defence made by the plea, that there is no proof that the West Jersey Traction Company has ever assigned to the Camden and Suburban Railway Company, now in possession, the privileges granted it by the turnpike company, it is enough to say that there is no allegation in the plea that the West Jersey Traction Company did so assign the privileges granted. The defendant was therefore not called

upon to make proof of any such assignment in support of its plea. The objection is a challenge of the sufficiency of the plea, and not of its truth. The complainants have admitted the sufficiency of the plea by joining issue upon it.

Upon the whole case presented by the issue joined on the plea of the Haddonfield and Camden Turnpike Company, it must be held that the plea is sustained by the proof. The defendant turnpike company is therefore, in accordance with the doctrine laid down in the cases above cited, entitled to have the bill dismissed, with costs, as to that defendant.

I will advise such a decree.